```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


MICHAEL EUGENE HUNT,            §
TDCJ-CID NO. 1437232,           §
                                §
          Petitioner,            §
                                §
v.                              §
                                §     CIVIL ACTION NO. H-09-3271
RICK THALER, Director,          §
Texas Department of Criminal    §
Justice, Correctional           §
Institutions Division,          §
                                §
          Respondent.            §
```

**MEMORANDUM OPINION AND ORDER**

Michael E. Hunt filed a Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) challenging his state court conviction and sentence. Pending before the court is Respondent Thaler's Motion for Summary Judgment with Brief in Support (Docket Entry No. 10). For the reasons stated below, the court will grant Thaler's motion for summary judgment and deny Hunt's petition for a writ of habeas corpus.

### I. Procedural History and Claims

**A. Procedural History**

Petitioner Hunt was indicted for the third-degree felony offense of driving while intoxicated, third offense, with

enhancement for repeat felony offenses on February 20, 2007.[1]  Hunt pleaded not guilty to the charge, and his case was tried before the 228th District Court of Harris County, Texas.[2]  The jury convicted Hunt of felony driving while intoxicated and sentenced him to twenty-six years in prison on May 2, 2007.[3]

Hunt's conviction was affirmed on appeal to the Fourteenth Court of Appeals of Texas on October 9, 2008.[4]  Hunt filed a petition for discretionary review with the Texas Court of Criminal Appeals, which was refused on March 18, 2009.[5]  Hunt subsequently filed an application for a state writ of habeas corpus on May 29, 2009.  The Court of Criminal Appeals adopted the trial court's recommendation that the application be denied on July 29, 2009.[6]  He filed the present action for habeas corpus relief on October 6,

---

[1] Indictment in Cause No. 1108104, The State of Texas v. Michael Eugene Hunt, attached to Michael Eugene Hunt's State Habeas Corpus Record, Case No. WR-72,254-01, included in State Court Records, Docket Entry No. 9, p. 32.

[2] Judgment of Conviction by Jury, Cause No. 1108104, The State of Texas v. Michael Eugene Hunt, id. at 37, 38.

[3] Id.

[4] Hunt v. State, No. 14-07-00376-CR (Tex. App. -- Houston [14th Dist.] 2008, pet. ref'd), id. at 27.

[5] Hunt v. State, P.D.R.-1629-08 (Tex. Crim. App. 2009), included in State Court Records, Docket Entry No. 9.

[6] Application for a Writ of Habeas Corpus to the Texas Court of Criminal Appeals, Case No. WR-72,254-01, attached to Michael Eugene Hunt's State Habeas Corpus Record, included in State Court Records, Docket Entry No. 9, cover.

2009 (Docket Entry No. 1). Respondent moved for summary judgment on December 18, 2009 (Docket Entry No. 10). Hunt has not responded to the motion.

**B.   Petitioner's Claims and Respondent's Challenges**

Hunt's *pro se* petition seeks relief on various grounds. *Pro se* petitions are typically held to a less stringent standard than pleadings drafted by trained lawyers and should accordingly be construed liberally. The court understands Hunt's petition to raise the following claims:

>   (1) Hunt was denied effective assistance of counsel because:
>
>> (a) his trial counsel failed to exhaust all legal remedies in his defense at trial;
>>
>> (b) his trial counsel was illiterate of the DWI laws; and
>>
>> (c) his trial counsel failed to suppress evidence of two prior DWI's allegedly too remote to serve as the jurisdictional basis of a felony DWI claim.
>
>   (2) The State subjected him to double jeopardy by using prior felony convictions to enhance his punishment.
>
>   (3) The State lacked sufficient evidence to convict him of the charged crime because there was no physical evidence in the form of a breathalyser [sic] or blood draw test to prove intoxication and because Hunt offered a witness to rebut the state's evidence.[7]

Respondent challenges the entire petition under 28 U.S.C. § 2254(b)(1) for containing claims unexhausted at the state level.

---

[7]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, pp. 7-8.

Respondent further challenges claims (1)(b)-(c), (2), and (3) as procedurally barred and claim (1)(a) on the merits.

## II.  Standard of Review

**A.   AEDPA and Habeas Corpus Procedure**

Federal habeas corpus petitions by state prisoners are governed by 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  A federal court may only issue a writ if the petitioner's complaints stem from:  (1) a decision contrary to or involving an unreasonable application of established federal law or (2) an unreasonable determination of fact in light of the evidence in state court.  Id. § 2254(d).

**B.   Summary Judgment**

A court should grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  Material facts are facts that may "affect the outcome of the suit under the governing law."  Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986).  An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.

The party moving for summary judgment bears the initial burden of demonstrating the absence of any genuine issues of material

fact.  FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2553 (1986).  Once the movant has met this burden, the non-movant must establish that there is a genuine issue for trial.  Anderson, 106 S.Ct. at 2511.  If the non-movant is unable to meet this burden, the motion for summary judgment will be granted.  FED. R. CIV. P. 56(c).

In habeas cases, however, federal courts do not view the facts in the light most favorable to the non-moving petitioner.  Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002) (overruled on other grounds by Tennard v. Dretke, 124 S.Ct. 2562 (2004)).  Instead, the AEDPA requires the court to presume that all facts found by the state court are true absent clear and convincing evidence to the contrary.  28 U.S.C. § 2254(e)(1).

### III.  Analysis

**A.   Unexhausted Claims**

Respondent argues that the entire petition should be dismissed because it contains unexhausted claims.  Respondent argues that Hunt failed to exhaust his claims of ineffective assistance because his lawyer was illiterate concerning DWI laws.  Respondent argues that Hunt's claim of ineffective assistance because his lawyer failed to object to the use of prior DWI convictions that were allegedly too remote is similarly unexhausted.

A petitioner must exhaust his state remedies for every claim raised in the petition.  28 U.S.C. § 2254(b).  A petitioner must

-5-

"fairly present" his federal claims to the state courts in order to meet the exhaustion requirement. Picard v. Connor, 92 S.Ct. 509, 512 (1971). In Texas a petitioner must present his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or in an application for a writ of habeas corpus to be considered "fairly presented." Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990).

Hunt failed to present either claim to the Texas Court of Criminal Appeals on direct or collateral appeal. Both claims are therefore unexhausted. Nevertheless, the court may deny a petitioner's application for habeas relief, instead of dismissing it for failure to exhaust, if it is clear that the claims are barred by state law. Gray v. Netherland, 116 S.Ct. 2074, 2080 (1996).

**B.    Procedural Bar**

Respondent argues that the petitioner is procedurally barred from presenting all of his claims except claim (1)(a). Federal courts generally will not review claims disposed of by the states on independent and adequate grounds of state law. Coleman, 111 S.Ct. at 2553, 2554. The state must clearly announce that its disposition is "based on bona fide separate, adequate, and independent ground[]." Id. at 2556. The Texas abuse-of-writ doctrine is acknowledged as an independent and adequate state ground for dismissal. Hughes v. Quarterman, 530 F.3d 336, 342 (5th

Cir. 2008). Texas has applied this doctrine consistently since 1994. Id.

A petitioner is barred from raising a claim disposed of on independent and adequate state grounds unless he shows: (1) cause for and prejudice by the default or (2) that a miscarriage of justice will result from the court's failure to hear the claim. Wainwright v. Sykes, 97 S.Ct. 2497, 2508 (1977). Valid cause requires a showing that "some objective factor external to the [petitioner's] defense" prevented him from raising his claims in state court. Romero v. Collins, 961 F.2d 1181, 1183 (5th Cir. 1992). The court need not consider the prejudice issue if the petitioner fails to demonstrate cause for the default. McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991). The miscarriage of justice exception is "limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him." Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001). The court addresses each of Hunt's claims separately.

1. Ineffective Assistance of Counsel

Hunt claims that he was denied effective assistance of counsel because his trial counsel was illiterate concerning DWI law. He further claims denial of effective assistance of counsel because his trial counsel failed to object to the state's use of prior DWI convictions that were allegedly too remote to serve as the jurisdictional basis for the contested felony DWI charge. Hunt did

not present these claims to the Texas Court of Criminal Appeals in either a direct or collateral appeal. The Texas abuse-of-writ doctrine bars Hunt from raising these claims in state court through a successive application.

Hunt does not present any reason for default of his claim of ineffective assistance of counsel due to trial counsel's illiteracy of DWI law. He therefore fails to show cause for it. McCleskey, 111 S.Ct. at 1470. Hunt states that he did not know about the basis for his claim of ineffective assistance of counsel due to trial counsel's failure to object to the allegedly remote jurisdictional DWIs at the time of his state appeals.[8] This bare excuse is not an "objective factor external to [his] defense." Collins, 961 F.2d at 1183. Accordingly, he does not show cause for his default.

The court does not need to address the element of prejudice on either issue. McCleskey, 111 S.Ct. at 1470. Hunt does not argue that he is actually innocent of the charge against him and therefore does not prove a miscarriage of justice. He is therefore barred from raising these claims in federal court. Coleman, 111 S.Ct. at 2553, 2554. Respondent is entitled to summary judgment on both claims due to the procedural bar.

---

[8]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 8.

2.  <u>Double Jeopardy</u>

Hunt claims that the State subjected him to double jeopardy by using two prior felony convictions to enhance his punishment.  He presented this claim to the state on collateral appeal, but the state court rejected it as procedurally barred.[9]  Texas requires defendants to raise a double jeopardy objection at trial unless the violation is clearly apparent on the face of the record; otherwise, the objection is considered waived.  <u>See</u> <u>Gonzales v. State</u>, 8 S.W.3d 604, 643, 644 (Tex. Crim. App. 2000).

Hunt does not present a "clearly apparent" double-jeopardy claim because a sentence enhancement through a repeat-offender statute only punishes the last offense committed and is not a double-jeopardy violation.  <u>United States v. Rodriguez</u>, 128 S.Ct. 1783, 1789 (2008).  Waiver of objection is an independent and adequate state ground for dismissal.  <u>Wainwright</u>, 97 S.Ct. at 2507, 2508.  Hunt does not present any reason for his procedural default and therefore fails to show cause for it.  The court does not need to address the element of prejudice because Hunt does not argue that he is actually innocent of the charge against him and therefore does not prove a miscarriage of justice.  <u>Finley</u>, 243 F.3d at 220.  The respondent is entitled to summary judgment on this claim due to the procedural bar.

---

[9] Respondent's Proposed Findings of Fact, Conclusions of Law and Order, attached to Michael Eugene Hunt's State Habeas Corpus Record, Case No. WR-72,254-01, included in State Court Records, Docket Entry No. 9, pp. 22, 23.

3.  <u>Sufficiency of the Evidence</u>

The petitioner claims that the evidence at trial was insufficient to support his conviction because there was no evidence of a Breathalyzer test or a blood draw and because he brought forward a rebuttal witness.  Texas law allows a defendant to plead both legal and factual insufficiency of the evidence on appeal.  See <u>Clewis v. State</u>, 922 S.W.2d 126 (Tex. Crim. App. 1996).  A legal sufficiency claim examines whether "any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt" when viewing the record "in a light most favorable to the prosecution."  <u>Jackson v. Virginia</u>, 99 S.Ct. 2781, 2788, 2789 (1979).  A factual sufficiency claim views the evidence "without the prism of 'in the light most favorable to the prosecution'" and sets aside a criminal verdict only if "it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust."  <u>Clewis</u>, 922 S.W.2d at 129 (quoting <u>Stone v. State</u>, 823 S.W.2d 375, 381 (Tex. App. -- Austin 1992, pet. ref'd, untimely filed)).

A factual sufficiency claim is a right granted by the Texas Constitution and is separate from the federal right to plead legal insufficiency of the evidence.  <u>Woods v. Cockrell</u>, 307 F.3d 353, 357, 358 (5th Cir. 2002).  Federal courts may issue writs of habeas corpus only on the ground that the petitioner's rights under federal law have been violated.  28 U.S.C. § 2254(a).  Factual insufficiency of the evidence is not a cognizable claim for federal

-10-

habeas corpus relief, and this court may only address a claim of legal insufficiency.

Hunt failed to raise a legal insufficiency claim during his direct appeal.[10] He did raise the claim in his application for state habeas relief, but the state court rejected it as a non-cognizable claim.[11] Texas traditionally does not recognize sufficiency of the evidence issues on habeas corpus review. Ex parte Grigsby, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004); Ex parte McLain, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). "Failure to raise a claim on direct appeal constitute[s] a procedural default under state law." Renz v. Scott, 28 F.3d 431, 432 (5th Cir. 1994).

Hunt could not raise a legal insufficiency claim on collateral review and did not raise it on direct review. He is barred from returning to state court with this claim. Failure to raise a claim on direct appeal is recognized as an independent and adequate state ground for dismissal. Renz, 28 F.3d at 432. Hunt does not present any reason for his procedural default and therefore fails to show cause for it. McCleskey, 111 S.Ct. at 1470. The court does not need to address the element of prejudice because Hunt does

---

[10]Opinion of the Fourteenth Court of Appeals, No. 14-07-00376, attached to Michael Eugene Hunt's State Habeas Corpus Record, Case No. WR-72,254-01, included in State Court Records, Docket Entry No. 9, p. 27.

[11]Respondent's Proposed Findings of Fact, Conclusions of Law and Order, id. at 22, 23.

not argue that he is actually innocent of the charge against him and therefore does not prove a miscarriage of justice. <u>Finley</u>, 243 F.3d at 220. Hunt is therefore barred from raising this claim in federal court. <u>Coleman</u>, 501 U.S. at 729. The respondent is entitled to summary judgment due to the procedural bar.

**C. Merits**

A federal court may only issue a writ of habeas corpus if the petitioner's exhausted, unbarred claims stem from: (1) a decision contrary to or involving an unreasonable application of established federal law or (2) an unreasonable determination of fact in light of the evidence in state court. 28 U.S.C. § 2254(d). The petitioner's only remaining exhausted, unbarred claim is ineffective assistance of counsel for failure to exhaust all legal remedies at trial. The respondent concedes that Hunt adequately raised this claim in state court and challenges it only on the merits. The court separately addresses the merits of the unbarred issue and, for the purpose of completeness, the barred issues.

    1. <u>Ineffective Assistance of Counsel</u>

Hunt claims that he received ineffective assistance of counsel because his attorney failed to exhaust all available remedies in his defense. To prevail on a claim of ineffective assistance of counsel, a petitioner must prove both deficiency of counsel and actual prejudice suffered due to this deficiency. <u>Strickland v. Washington</u>, 104 S.Ct. 2052, 2064 (1970). The petitioner must prove

-12-

that the performance of his legal counsel fell below an objective standard of reasonableness. Id. However, "[j]udicial scrutiny of a counsel's performance must be highly deferential." Id. at 2065. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. The petitioner must rebut this presumption by alleging the acts or omissions of counsel that are not the result of reasonable professional judgment. Id. at 2066.

The respondent argues, and the court agrees, that Hunt has not met his burden of proof. His petition makes little more than a blanket accusation that his attorney failed to exhaust unspecified remedies. He offers no evidence as to which particular act or omission of his attorney fell outside the bounds of reasonable professional conduct. Conclusory allegations neither raise nor prove the issue of ineffective assistance of counsel. See Green v. Johnson, 160 F.3d 1029, 1042 (5th Cir. 1998). The respondent is entitled to summary judgment on the merits of this claim.

While the petitioner's other two ineffective assistance of counsel claims are procedurally barred, they also fail on the merits. Hunt's claim of ineffective assistance of counsel because his counsel was illiterate concerning DWI laws is a naked accusation and fails for the reasons discussed above. His claim of ineffective assistance of counsel because his attorney failed to object to the allegedly remote jurisdictional DWIs similarly fails to show defective representation. Hunt's trial counsel moved for

an instructed verdict at the end of the state's case-in-chief.[12] As the jurisdictional DWIs are essential elements of a felony DWI charge, Hunt's trial counsel did in fact object to the jurisdictional DWIs via the motion for an instructed verdict. See Gibson v. State, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999). His trial counsel may have reasonably decided to press the issue no further, especially considering the highly questionable status of the remoteness rule after the 2005 repeal of its statutory basis. See Act of May 27, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Gen. Laws 3363, 3364 (Vernon Supp. 2009) (repealing § 49.09(e) of the Texas Penal Code). Because Hunt does not present facts to defeat the presumption of effective legal representation, his claim fails on the merits.

2. Double Jeopardy

In addition to being procedurally barred, the petitioner's double-jeopardy claim is without merit. Hunt claims that the state subjected him to double jeopardy by using prior felony convictions to enhance his punishment through the Texas repeat-offender statute. TEX. PEN. CODE ANN. § 12.42(d) (Vernon 2009). The Supreme Court has plainly stated that repeat-offender statutes only punish the last offense committed and do not violate double-jeopardy protection. Rodriquez, 128 S.Ct. at 1789.

---

[12]Trial Court Record, included in State Court Records, Docket Entry No. 9, vol. 4, p. 16.

3.  <u>Sufficiency of the Evidence</u>

The petitioner's claim of legal insufficiency of the evidence fails on the merits in addition to being procedurally barred. Hunt argues that the evidence presented at trial was insufficient because there was no evidence of a Breathalyzer or blood draw test and because he offered a witness that testified that he was not drunk. To prevail on a legal insufficiency claim the petitioner must show that no "rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt." <u>Jackson</u>, 99 S.Ct. at 2788, 2789. The court "examines all the evidence in the light most favorable to the verdict." <u>Miller v. Johnson</u>, 200 F.3d 274, 286 (5th Cir. 2000). The court applies this standard to state substantive law and gives great weight to the state court's determination. <u>Id.</u> "Determining the weight and credibility of the evidence is within the sole province of the jury." <u>United States v. Martinez</u>, 975 F.2d 159, 161 (5th Cir. 1992).

The court understands Hunt's claim to challenge the sufficiency of the evidence to prove the element of intoxication. TEX. PEN. CODE ANN. § 49.04(a) (Vernon 2009). Texas law provides that intoxication may be proven by showing that the defendant had a blood-alcohol concentration equal to or greater than 0.08 or that defendant did "not have[] normal use of mental or physical faculties by reason of introduction of alcohol . . . into the body." TEX. PEN. CODE ANN. § 49.01(2)(A) (Vernon 2009). At trial a state deputy sheriff testified that he observed Hunt speeding and

driving erratically, he smelled alcohol on Hunt's breath, he found an open beer bottle in Hunt's car, and he administered two field sobriety tests, which Hunt failed. Viewing the evidence in a light most favorable to the verdict, a rational juror could find that Hunt was intoxicated within the meaning of § 49.01(2)(A) of the Texas Penal Code. While the petitioner did present a witness to rebut the deputy's claims, the jury was free to determine how much or how little weight and credibility to give to this testimony. Martinez, 975 F.2d at 161. The petitioner's legal insufficiency claim is, accordingly, without merit.

### IV.    Certificate of Appealability

Although Hunt has not yet requested a Certificate of Appealability ("COA"), the court may deny a COA sua sponte. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). To obtain a COA for claims denied on the merits Hunt must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard, 124 S.Ct. at 2569. To make such a showing Hunt must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the issues presented are adequate to deserve encouragement to proceed further. Id. When the court denies relief based on procedural grounds and does not reach the petitioner's underlying constitutional claim, the petitioner must show that "jurists of reason would find it

debatable whether the petitioner states a valid claim of the denial of a constitutional right," and that they "would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000). For the reasons stated in this Memorandum Opinion and Order, Hunt has not made a substantial showing of a denial of a constitutional right, nor has he shown that a jurist of reason would debate whether the procedural rulings in this case are correct. Accordingly, a Certificate of Appealability will not issue in this case.

### V.  Conclusion and Order

For the reasons explained above, the court **ORDERS** the following:

1. Hunt's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

2. Respondent Thaler's Motion for Summary Judgment (Docket Entry No. 10) is **GRANTED**.

**SIGNED** at Houston, Texas, on this the 8th day of June, 2010.

　　　　　　　　　　　　　　　　　　　　SIM LAKE
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE